## Floyd E. Jennison v. George N. Sceets et al.

1. PROMISSORY NOTES—*Makers in Fact—Sureties—Burden of Proof.* —In an action upon a promissory note, the burden of showing that some of the defendants signed as sureties is upon the defendants alleging the same.

2. SAME—*Question of the Extension of Payment.*—Where a person procured a loan at a bank by discounting a note, to secure the payment of which he gave his own note as collateral, it does not follow as a matter of law, that because the principal note is extended, the collateral note is also extended.

Assumpsit, on a promissory note. Error to the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed November 18, 1895.

### STATEMENT OF THE CASE.

Plaintiff in error brought suit upon a promissory note reading as follows :

$2,000.                    " CHICAGO, ILL., Nov. 6, 1886.

Ninety days after date we jointly and severally promise

to pay Wm. P. Black, or order, two thousand dollars, at the office of said Black, Chicago, Ill., value received, with interest at the rate of eight per cent per annum after maturity, having deposited with said Black, as collateral security, 1,200 shares of the capital stock of the Knights of Labor Publishing Company, of the par value of $12,000.

GEORGE N. SCEETS,

FRANK A. STAUBER,

ALBERT FLORUS,

CHARLES G. DIXON,

BERT STEWART."

On the back of which note are the following entries, to wit: "$400 paid on account within note, by Geo. N. Sceets, March 9, '87.

W. P. BLACK."

"For value received I hereby guarantee the payment of the within note at maturity, or at any time thereafter, with interest at eight per cent per annum until paid, and agree to pay all costs or expenses paid or incurred in collecting the same, waiving notice and protest.

W. P. BLACK."

At the time this note was given Daniel H. Tolman was the president of the Chicago Trust and Savings Bank, and appellant was cashier of the same.

George N. Sceets, one of the makers of the note, testified as follows:

"On the 11th day of November, 1886, I negotiated with Tolman to give him a note with myself and these gentlemen mentioned, for a loan of $2,000. I named the parties who were to go on the note. Mr. Tolman looked them up and agreed to accept them, filled out a note himself, instructed me in regard to the form in which it should be signed, and gave it to me to have it signed. I took it to the parties interested therein, and they signed it, the last signature being placed on it November 16th, on which day I took it to the bank, gave it to Tolman, and received $1,850. This I deposited in Tolman's bank. The deposit appears in my bank book as follows:

'November 16th, deposited $1,850.'

Q. When, on the 11th of November, you made this nego-
tiation with Mr. Tolman, state whether or not he knew that
proposed loan was a loan to you, and the joint makers of
the note were signing for your accommodation?

(Objected to because it calls for a conclusion of the wit-
ness, and for a matter beyond the knowledge of the wit-
ness.)

A. Yes, sir; Tolman looked up the parties in Brad-
street's agency.

At the maturity of that note I asked for ten days, which
was granted, and paid the interest on that for the extension.
The note was in the bank. I paid $17.50 for the extension.
There was no other consideration for this $17.50 except the
extension of the note. On the second maturing of the note,
that is upon the expiration of the ten days I asked for a fur-
ther extension of ten days.

This extension was granted. I paid for it $17.50. At the
end of that ten days, I asked for a third extension, which
was promised me, and paid Tolman $400 on the note. I had
the negotiations as to this third extension with Tolman per-
sonally.

This note, together with the following:

"CHICAGO, Nov. 16, 1886.

"Ninety days fixed after date, for value received, I promise
to pay to the order of myself $2,000, with interest at the
rate of eight per cent per annum, after due, having deposited
with the legal holder hereof as collateral security, one note
for $2,000, dated November 11, 1886, payable in ninety
days, signed by Geo. N. Sceets, Frank H. Stauber, Albert
Florus, Chas. S. Dixon and Bert Stewart. * * *

GEO. N. SCEETS. [SEAL.]"

was given to the Chicago Trust and Savings Bank by
Mr. Sceets at the same time, to obtain a loan from said
bank.

Tolman and Jennison testify that the note in suit was
never extended; that an extension was granted upon the
note made by Sceets alone, which they say was the princi-

pal note, the one in suit being collateral thereto. Tolman, with whom the business was done, testifies that Sceets told him that appellees had given their note in payment for a purchase by them made.

JOHN G. HENDERSON, attorney for plaintiff in error; MOSES, PAM & KENNEDY, of counsel.

SETH F. CREWS, attorney for defendant in error; W. P. BLACK, of counsel.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

That the note given by Sceets alone, which matured three days before the other, was the principal note, the other being collateral thereto, and that the sum of $1,850 was advanced upon the security of the two notes, is evident.

Two questions of fact are in dispute: First, was there an extension of the note in suit; second, had Tolman or the bank any notice that either Stauber, Florus, Dixon or Stewart was a mere surety.

As to the second proposition, the only evidence that either Tolman or the bank was informed that the undertaking of the makers, other than Sceets, was that of sureties only, is the testimony of Sceets, before set forth, and a request to him, made by Tolman, to sign the following statement:

"CHICAGO, March 10, 1887.

D. H. Tolman, Esq., Pres.

DEAR SIR: As some question has arisen on the matter of note guaranteed by W. P. Black, and by me pledged with your bank, I am willing to, and hereby certify that no agreement or arrangement has ever been made by you, or your bank, to extend payment on the collateral note guaranteed by Mr. Black, that you have heretofore extended payment on my principal note, but no arrangement has been made about the collateral note, and I now request a further extension of the principal note on same understanding."

The burden of proof in this regard was upon the defendants; the testimony of Sceets is merely that Tolman looked up the parties in Bradstreet's agency. Under the form of the question put to him, Sceets' answer of " Yes, sir," is not an assertion of anything. That Tolman should have asked for the statement from Sceets is an implied admission only that a question had arisen on the matter of the note guaranteed by W. P. Black, and that he, Tolman, desired to have Mr. Sceets certify that no agreement or arrangement had been made to extend the time of payment on that note.

Mr. Sceets testifies that when Tolman asked him to sign this statement, he told him that he would take it under advisement, that he did so, and concluded not to sign it. Under the evidence presented in this case, we can hardly conclude that Mr. Sceets, if the matter contained in this paper was untrue, would have taken under consideration the subject of putting his name to a written declaration he knew to be false.

It is impossible for us to say that the request for this letter is evidence raising a *prima facie* presumption that Tolman or the bank knew that either of the defendants, who claim to have been mere sureties, were so.

The indorsement of the payment of $400 upon each of the notes was one which Sceets requested Tolman to make, saying that " these people" (Stauber, Florus, Dixon and Stewart) had paid him $400, and it ought to be credited on the note made by them. The bank did not claim to be entitled to the amount represented by the two notes, while it must have regarded the note with six names thereon as more valuable than that which was the obligation of Sceets alone.

That upon Sceets' direction as to indorsement it should have marked in ink upon the note, the makers of which it was informed had paid the money it received, and also made a like indorsement in pencil upon the paper Sceets alone had signed, was a just and proper act, as by such payment all obligations of Sceets to it were reduced. We do not regard such indorsements, made as they were, as raising

any presumption as to any of the facts in dispute in this case.

We do not wish to be understood as holding that the proposed statement by Sceets, or the facts concerning the indorsement of the $400 paid, were not admissible in evidence; we regard such evidence as insufficient to raise a presumption either that the note sued upon was the principal note, or that the bank had notice that either of the makers thereof was a mere surety.

The jury should not have been inferentially instructed that the extension of the note made by Sceets alone, operated as an extension of the note in suit, or that in the absence of notice by the bank that appellees were sureties, the extension of the note by them made, released them from their obligation.

The judgment of the Superior Court is reversed and the cause remanded.